# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30928
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THERON DELAWRENCE JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-124-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Theron Delawrence Johnson appeals the sentence imposed following his guilty plea conviction for conspiracy to distribute and possession with intent to distribute methamphetamine, cocaine, and cocaine base. Johnson argues that the district court erred in imposing a two-level enhancement under § 3B1.1(c) based on its finding that he was a leader in the offense because it incorrectly relied on the Government's discretionary decision to charge him as a leader in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30928

this indictment.  In addition, he asserts that he was a middle-man, did not have control over the other coconspirators, and did not reap larger profits.

The application of an aggravating-role enhancement is a finding of fact that this court reviews for clear error.  *United States v. Ochoa-Gomez*, 777 F.3d 278, 281-82 (5th Cir. 2015).  In determining if an enhance    ement applies, "a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error."  *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

The district court considered the entire conspiracy, including individuals who were charged in a separate conspiracy, determined that there was only one supplier above Johnson, and concluded that the enhancement was appropriate based on Johnson's relative role in the overall conspiracy.  The enhancement was also based on information in the Presentence Report, providing that Johnson fronted drugs to his three codefendants, directed one codefendant to deliver drugs on several occasions, and set the price for drugs in certain transactions.  These activities support a finding that he acted as a leader or organizer.  Further, Johnson's supervision of one coconspirator is sufficient to support the two-level enhancement.  *See United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011); *United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003).  Further, Johnson's argument that he was a middle-man is unavailing as there "can be more than one person who qualified as a leader or organizer in a criminal association or conspiracy."  *See United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001).  Because the district court's finding that Johnson was a leader in the offense is plausible in view of the record as a whole, the district court did not clearly err in imposing the two-level enhancement under § 3B1.1(c).  *See Ochoa-Gomez*, 777 F.3d at 281.

AFFIRMED.

2